## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BANK OF HAYS a/k/a HANSTON STATE | ) | |
| BANK SUCCESSOR TO FARMERS STATE | ) | |
| BANK, JETMORE, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 20-1181-KHV |
| | ) | |
| v. | ) | TITLE INVOLVING |
| | ) | REAL ESTATE |
| RODNEY BRADSHAW, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

For reasons stated below and substantially the reasons stated in Bank Of Hays
Memorandum In Support Of Its Motion For Summary Judgment (Doc. #23) filed
September 11, 2020 and Defendant United States Of America's Response To Plaintiff's
Motion For Summary Judgment (Doc. #29) filed October 2, 2020, the Court sustains
Plaintiff's Motion For Summary Judgment (Doc. #22) filed September 11, 2020.  The
Court finds as follows:

1.       Defendant Rodney Bradshaw was served on June 23, 2020 and he has not
filed an Answer or Entry of Appearance in this matter.  Because Mr. Bradshaw
attempted to avoid service of the complaint, Magistrate Judge Kenneth G. Gale granted
plaintiff's request that the Sheriff of Hodgeman County serve Mr. Bradshaw with a copy
of plaintiff's motion for summary judgment, the supporting memorandum and the
Notice To Pro Se Litigant Who Opposes A Motion For Summary Judgment (Doc. #26)
filed September 11, 2020, by leaving a copy of the documents at the front and rear doors
of his residence.  See Order Directing Service Of Motion For Summary Judgment (Doc.
#27) filed September 15, 2020.  On September 18, 2020, a Deputy Sheriff of Hodgeman

County served Mr. Bradshaw with <u>Plaintiff's Motion For Summary Judgment</u> (Doc. #22), <u>Bank Of Hays Memorandum In Support Of Its Motion For Summary Judgment</u> (Doc. #23) and <u>Notice To Pro Se Litigant Who Opposes A Motion For Summary Judgment</u> (Doc. #26), by taping a copy of the documents at the front and rear doors of his residence.  <u>See</u> <u>Return Of Service</u> (Doc. #28) filed September 28, 2020.  To date, Mr. Bradshaw has not filed a response to plaintiff's motion for summary judgment.

2.      Defendant Mahieu Elder Law, P.A. was served on June 10, 2020 and no Answer or Entry of Appearance has been filed by Mahieu Elder Law, P.A. in this matter.

3.      The Kansas Department of Revenue filed a Disclaimer of Interest in this matter and is entitled to be dismissed.

4.      J&L Brown Family, LLC was dismissed as a party in this matter on July 10, 2020.

5.      Answers were filed by the following parties in this matter: Arzella Bradshaw; United States of America, on behalf of the Farm Service Agency, United States Department of Agriculture ("FSA"); and Dealers Leasing, Inc.  FSA was the only party to file a Response to the Motion for Summary Judgment and it has consented to the entry of this Order.

6.      In its answer, FSA asserts, *inter alia*, perfected security interests in the personal property described herein in the following amounts, as of July 6, 2020:

| Loan | Date of Note | Face Amount | Unpaid Principal | Accrued Interest | Daily Int. Accrual |
|------|--------------|-------------|------------------|------------------|--------------------|
| *44-08* | 3/14/07 | $81,600.00 | $72,290.00 | $47.779.52 | $9.9027 |
| *44-09* | 3/14/07 | $81,970.00 | $80,808.06 | $53,765.04 | $11.0696 |
| | | TOTAL | $153,098.06 | $101,544.56 | $20.9723 |

7.     The Board of County Commissioners filed an Entry of Appearance but no Answer.  Plaintiff does not contest that the Board of County Commissioners has a lien for unpaid real property taxes for the tracts of property that are subject to this foreclosure action as stated in the Petition filed in this matter.

8.     The subject real property of which foreclosure is being requested herein is legally described to wit:

> Tract 1: Lots Five (5) and Six (6), Block Three (3), Hardy's Addition to the City of Jetmore, Hodgeman County, Kansas.
>
> Tract 2: All that part of the Northwest Quarter (NW/4) of Section Six (6), in Township Twenty-three (23) South, Range Twenty-three (23) West of the 6th P.M., described as follows: Beginning at a point located on the West line of Atkin Street in Haun's First Addition to the City of Jetmore, Kansas, Two Hundred Thirty (230) feet South and Eighty (80) feet West of the Southwest corner of Clock Twenty-two (22) in Haun's First Addition to the City of Jetmore, Kansas, thence running West on a line parallel with the South line of said Block Twenty-two (22) to the West line of said Quarter section, thence South on the West line of said quarter section Seventy-five (75) feet, thence East on a line parallel with the North line of this tract to the West line of said Atkin Street and to a point Seventy-five (75) feet South of point of beginning, thence North on the West line of said Atkin Street Seventy-five (75) feet and to point of beginning, situated in the City of Jetmore, Hodgeman County, Kansas.
>
> Tract 3: The West Half of the East Half of the Southeast Quarter (W/2 of E/2 of SE/4) of Section Thirty-six (36), Township Twenty-two (22) South, Range Twenty-four (24) West of the 6th P.M. except the following tracts:
>
> Beginning at a point 1373 feet East of the Southwest corner of the Southeast Quarter (SE/4) of said Section; thence North 300 feet; thence East 375 feet; thence South 300 feet; thence West 375 feet to the point of beginning of the excepted tracts;
>
> The West forty-four (44) feet of the West Half of the East Half of the Southeast Quarter (W/2 of E/2 of SE/4) of the Southeast Quarter (SE/4) of Section Thirty-six (36), Township Twenty-two South, Range Twenty-four (24) West of the 6th P.M.

Tract 4: Lots Seven (7) and Eight (8), Block 1, Hardy's First Addition,
City of Jetmore, Hodgeman County, Kansas.

9.     Bank of Hays is also known as Hanston State Bank and as Farmers State Bank, Jetmore as all are branches of the Bank of Hays.

10.     Defendants Rodney R. Bradshaw and Arzella K. Bradshaw, executed a Promissory Note dated March 31, 2016 in the amount of $250,000.00 to Bank of Hays that matured on June 30, 2016.

11.     Defendants Rodney R. Bradshaw and Arzella K. Bradshaw, executed a Promissory Note dated June 10, 2008 in the amount of $131,754.38 to Hanston State Bank a Branch of Bank of Hays with a modification agreement extending maturity to June 5, 2018.

12.     Defendants Rodney R. Bradshaw and Arzella K. Bradshaw, executed a Promissory Note dated October 18, 2013 in the amount of $34,000.00 to Hanston State Bank a Branch of Bank of Hays this note was paid in full during the pendency of this action.

13.     Both remaining Notes are secured by a Mortgage signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to Hanston State Bank, dated December 22, 1984 and filed on December 28, 1984 in Hodgeman County in Book 40, Page 91, in the amount of $15,500.00 covering the property described as Tract 1 in paragraph 7 hereinbefore.

14.     Both remaining Notes are secured by a Mortgage signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to Hanston State Bank, dated April 21, 2003 and filed on May 6, 2003 in Hodgeman County in Book 56, Page 11, in the amount of $140,000.00 covering the property described as Tract 3 in paragraph 7 hereinbefore.

15.     Both remaining Notes are secured by a Mortgage from the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to Plaintiff, dated September 20, 2004 and filed on September 20, 2004 in Hodgeman County in Book 57, Page 87, in the amount of $30,000.00 covering the property that is not being foreclosed herein, said property is subject to a separate foreclosure action filed by High Plains Farm Credit being Kansas District Court Case No. 20-CV-01223.

16.     Both remaining Notes are secured by a Mortgage signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to The Farmers' State Bank of Jetmore, Kansas, dated April 4, 2008 and filed on April 7, 2008 in Hodgeman County in Book 62, Page 12, in the amount of $26,000.00 covering the property described as Tract 4 in paragraph 7 hereinbefore.

17.     Both remaining Notes are secured by a Mortgage signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to Hanston State Bank a Branch of Bank of Hays, dated October 18, 2013 and filed on October 18, 2013 in Hodgeman County in Book MG69, Page 26, in the amount of $34,000.00 covering the property described as Tract 2 in paragraph 7 herein.

18.     Both remaining Notes are secured by a Commercial Security Agreement signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to Hanston State Bank a Branch of Bank of Hays, dated August 9, 2011 covering the property they owned described as all Equipment including specific equipment listed under Specific Property.

19.     Both remaining Notes are secured by a Commercial Security Agreement signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to The Farmers' State Bank, of Jetmore, Kansas, dated July 9, 2012 covering the property they owned

described as all Accounts and Other Rights to Payment, Inventory, Equipment, Farm Products and Supplies, Government Payments and Programs, Deposit Accounts and specific equipment listed under Specific Property.

20.     Both remaining Notes are secured by a Security Agreement signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to Hanston State Bank a Branch of Bank of Hays, dated March 18, 2013 covering the property they owned described as all Equipment including specific equipment listed under Specific Property.

21.     Both remaining Notes are secured by a Security Agreement signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to Hanston State Bank a Branch of Bank of Hays, dated April 30, 2013 covering the property they owned described as a 2009 Donahue VIN ending in 1347.

22.     Both remaining Notes are secured by a Security Agreement signed by the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw to Bank of Hays, dated March 31, 2016 covering all of their Assets they owned as defined in the Agreement.

23.     Based on title work Bank of Hays obtained from High Plains Title, LLC the tracts of the Real Property are encumbered by interests other than Bank of Hays. According to said title work the encumbrances of the Defendants on the tracts of Real Property have the following priorities:

        a.   First Priority: Board of County Commissioners for any unpaid real property taxes for Tracts 1, 2, 3 and 4.

        b.   Second Priority: Mortgages of Bank of Hays in Tracts 1, 2, 3 and 4;

        c.   Third Priority: Kansas Department of Revenue lien in case No. 2016-ST-06 (KDOR Disclaimed its interest) on Tracts 1, 2, 3 and 4;

        d.   Fourth Priority: Mahieu Elder Law judgment against Rodney Bradshaw on

March 16, 2017 on Tracts 1, 2, 3 and 4;

    e.  <u>Fifth Priority</u>: Dealer's Leasing, Inc. pursuant to a judgment lien in Case No. 2018-MV-4 on Tracts 1, 2, 3 and 4;

    f.  <u>Sixth Priority</u>: J&L Brown Family pursuant to a judgment lien in Case No. 2018-CV-2 (J&L Brown Family, LLC was dismissed upon satisfaction of this judgment lien) on Tracts 1, 2, 3 and 4.

24.    That based upon Kansas law the priority as to the subject real property is as follows:

    a.  <u>First Priority</u>: Board of County Commissioners for any unpaid real property taxes for Tracts 1, 2, 3 and 4;

    b.  <u>Second Priority</u>: Mortgages of Bank of Hays in Tracts 1, 2, 3 and 4;

    c.  <u>Third Priority</u>: Dealer's Leasing, Inc. pursuant to a judgment lien in Case No. 2018-MV-4 on Tracts 1, 2, 3 and 4.

25.    A review of the records from the Kansas Secretary of State's office as to the Defendants Rodney Bradshaw and Arzella Bradshaw shows only two (2) creditors with filed UCC-1 Financing Statements, Bank of Hays and FSA.

26.    Bank of Hays' first UCC-1 Financing statement was filed on August 15, 1995 and the FSA's first UCC-1 Financing Statement was filed on August 6, 1996.

27.    Bank of Hays has a first lien in the personal property detailed in the Security Agreements specifically all equipment except as to certain items in which FSA has a first lien as detailed in the Subordination Agreements entered between FSA and Plaintiff and as to those items FSA has a first lien.

28.    FSA has a second lien in the equipment except as to those certain items listed in the Subordination Agreements entered between FSA and Hanston State Bank

and as to those items FSA has a first lien.

29.    The items that FSA has a first lien and Bank of Hays has a second lien in are as follows:

    a.  2003 John Deere self-propelled sprayer Model #4710;

    b.  Wylie pull type sprayer with 60' booms, foam marker & Raven 440 Serial #025532;

    c.  John Deere #9400 four section hoe-drills with transport, marker arms and steel press wheels Serial #6938, 7916, 7909, 7912, 1914;

    d.  John Deere #4890 swather with #890 18' platform. Swather serial #120312. Platform Serial #123059;

    e.  Degelman #12-46/57 12' dozer blade with angle blade hydraulic and mounts for 8000 series JD. Serial #20414;

    f.  John Deere #F725 mower Serial # ending in 30368 and 15370;

    g.  John Deere #637 32' disc. Serial # ending in 4237;

    h.  Featherlite #5595 8' x 24' flatbed gooseneck trailer. Serial # ending in 1102;

    i.  Livestock purchased or refinanced with FSA loan funds.

30.    The March 31, 2016 Note is in default for the failure to pay in full at maturity on June 30, 2016.

31.    The June 10, 2008 Note is in default for not being paid in full at maturity on June 5, 2018.

32.    Defendants Rodney R. Bradshaw and Arzella K. Bradshaw are liable to Plaintiffs on the March 31, 2016 Note in the principal amount of $225,117.96 plus interest in the amount of $64,598.93 as of May 27, 2020 plus late charges in the amount

of $25.00, plus interest thereafter on the principal balance at the rate of 6.5% per annum until paid in full together with the filing fees incurred, costs of title work, costs of publication, attorney fees and any funds advanced pursuant to the terms of the Promissory Note or Mortgage including unpaid real estate taxes.

33.     Defendants Rodney R. Bradshaw and Arzella K. Bradshaw are liable to Plaintiffs on the on the June 10, 2008 Note in the principal amount of $33,818.87 plus interest in the amount of $149.38 as of May 27, 2020 plus late charges in the amount of $600.00, plus interest thereafter on the principal balance at the rate of 6.25% per annum until paid in full together with costs of this action and any funds advanced pursuant to the terms of the Promissory Note or Mortgage including unpaid real estate taxes.

34.     Bank of Hays had incurred and paid pre-petition attorney fees totaling $32,021.47 through June 3, 2020 related to various matters including other foreclosures, a dismissed bankruptcy, a federal lawsuit in Washington D.C. that was dismissed with prejudice, as well as other matters related to the ongoing default of these loans.

35.     Bank of Hays has incurred attorney fees from June 4, 2020 through September 8, 2020 in the amount of $3,750.00.

36.     In addition, Bank of Hays has incurred the following costs related to the foreclosure action:

     a.   Costs of title evidence in the amount of $2,000.00

     b.   Filing Fee in the amount of $202.80

     c.   Costs in the amount of $71.83

     d.   Publication Costs of Notice of Suit in the amount of $480.60

37.     Bank of Hays is entitled to a personal judgment against Rodney R. Bradshaw and Arzella K. Bradshaw for its reasonable attorney's fees and costs as well as any amounts Bank of Hays may advance pursuant to any Note, Loan Agreement, Mortgage or Security Agreement referenced herein and such expenses are secured by the Mortgages and Security Agreements.

38.     There has been no assignment of the loan documents in this matter to a third party and Bank of Hays is still the holder of the same.

39.     The Defendant owners are entitled to a three (3) month redemption period from the date of sale as provided by K.S.A. 60-2414(m).

40.     Bank of Hays in its discretion may sell the tracts of real property separately and in such order and manners as it deems appropriate and may do so using one or more orders of sale.

41.     The Court also adopts all legal arguments presented in the Plaintiff's Memorandum as the position of the Court.  Specifically, the Plaintiff is entitled to judgment as to its claims against the Defendants for a foreclosure action including judgment against the parties as will be detailed herein.

NOW, THEREFORE, IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED that Bank of Hays' Motion for Summary Judgment is sustained, the above findings of the Court should be and are hereby made the Order of the Court and judgment is entered in favor of Bank of Hays as follows:

1)  A personal judgment on the March 31, 2016 Note against the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw, in the principal amount of $225,117.96 plus interest in the amount of $64,598.93 as of May 27, 2020 plus late charges in the amount of $25.00, plus interest thereafter on the

principal balance at the rate of 6.5% per annum until paid in full together with the filing fees incurred, costs of title work in the amount of $275.00, costs of publication, attorney fees and any funds advanced pursuant to the terms of the Promissory Note or Mortgage including unpaid real estate taxes.

2) A personal judgment on the June 10, 2008 Note against the Defendants Rodney R. Bradshaw and Arzella K. Bradshaw, in the principal amount of $33,818.87 plus interest in the amount of $149.38 as of May 27, 2020 plus late charges in the amount of $600.00, plus interest thereafter on the principal balance at the rate of 6.25% per annum until paid in full together with costs of this action and any funds advanced pursuant to the terms of the Promissory Note or Mortgage including unpaid real estate taxes.

3) A personal judgment against Defendants Rodney R. Bradshaw and Arzella K. Bradshaw for all attorney fees which is also secured by all collateral detailed herein including those incurred and paid pre-petition in the amount of $32,021.47 through June 3, 2020, attorney fees from June 4, 2020 through September 8, 2020 in the amount of $3,750.00 together with all attorney fees incurred related to this matter going forward as allowed by the loan documents.

4) A personal judgment against Defendants Rodney R. Bradshaw and Arzella K. Bradshaw for all costs related to the foreclosure action which to date include the following:

    a. Costs of title evidence in the amount of $2,000.00

    b. Filing Fee in the amount of $202.80

    c. Costs in the amount of $71.83

      d.   Publication Costs of Notice of Suit in the amount of $480.60

      e.   Any costs going forward including costs of sale.

5) An *in rem* judgment against all Defendants, except the Board of County Commissioners foreclosing their interest in the subject real property, determining that the mortgages of Plaintiff be deemed a first and prior lien on the property described herein; that the rights and priorities of the parties to this action be determined; that said title to the real property be quieted; that the Plaintiff's Mortgages be foreclosed, that if the principal and interest found due Plaintiff herein is not paid within fourteen (14) days from the date of said judgment, that an Order of Sale be issued out of the Court directed to the Sheriff of Hodgeman County, Kansas authorizing him to advertise and sell said real estate described in said Mortgages herein according to law and apply the proceeds to the sale as follows:

      a.   To the payment of all court costs, the cost of title evidence in the amount of $2,000.00, the cost of publication of the Notice of Suit, attorney's fees, and for the costs of sale incurred herein.

      b.   To reimbursement of Plaintiff for all real estate property taxes paid by Plaintiff prior to sale.

      c.   To the payment of Plaintiff's judgments plus interest due herein.

      d.   To the payment of Dealer's Leasing, Inc.'s judgment lien;

      e.   The balance, if any, needs to be paid to the Clerk of the U.S. District Court to abide by the Orders of the Court.

That upon a Sheriff Sale being made and confirmed, that the purchaser of the sale of the subject property or its successors or assigns as the case may be,

shall be entitled to a good and sufficient Sheriff's Deed for all said real property and, thereupon all rights, claims, title of interest or a lien or equities of redemption of any of the Defendants named in this Petition including all parties claiming by, through each of them, be forever barred or extinguished; their writ of assistance be issued out of this court to place the grantee in full and complete possession of the real property and the Plaintiff is further relieved as the Court deems proper.

6) That the Defendant Owners are entitled to a three (3) month redemption period from the date of any Sheriff Sale as allowed at law unless extinguished.

7) An *in rem* judgment against all Defendants, foreclosing their interest in the subject personal property as detailed in the Security Agreements specifically all equipment, determining that the security interest of Plaintiff be deemed a first and prior lien on the property described herein, except the above-described collateral in which FSA has a first lien; that FSA has a valid lien in the personal property collateral subject to this action in the total amount of $254,642.62, as of July 6, 2020; that the Plaintiff's security interest in said items be foreclosed, that if the principal and interest found due Plaintiff herein is not paid within fourteen (14) days from the date of said judgment, that an Order of Sale be issued out of the Court directed to the Sheriff of Hodgeman County, Kansas authorizing him to advertise and sell said personal property described in said Security Agreements, including the equipment according to law and apply the proceeds to the sale as follows:

    a.   To the payment of all court costs, the cost of title evidence in the amount of $2,000.00, the cost of publication of the Notice of Suit, attorney's fees, and for the costs of sale incurred herein.

    b.   To reimbursement of Plaintiff for all personal property taxes paid by Plaintiff prior to sale.

    c.   With respect to the personal property collateral specifically identified above in which FSA has priority, to the payment of the amounts above found due on FSA's lien, and then to payment of Plaintiff's judgments plus interest due herein.

    d.   With respect to all other personal property collateral detailed in Plaintiff's Security Agreements, to the payment of Plaintiff's judgments plus interest due herein, and then to payment of the amounts above found due on FSA's lien;

    e.   The balance, if any, needs to be paid to the Clerk of the U.S. District Court to abide by the Orders of the Court.

That upon a Sheriff Sale being made and confirmed, that the winning bidder as to each item of personal property so sold shall own said item free and clear of all rights, claims, title of interest or a lien or equities of redemption of any of the Defendants named in this action including all parties claiming by, through each of them, be forever barred or extinguished.  Nothing herein shall prevent the Plaintiff from making credit bids on the sale of such personal property.  Further, nothing herein shall prevent the Plaintiff from taking possession of the personal property subject to sale prior to an Order of Sale being issued or the issuance of a Writ to allow the seizure of the subject personal property if such is deemed

needed by the Plaintiff.  As to any Notice of a sale of personal property required by law, said Notice can provide that it will be of equipment and that a listing of the equipment being sold can be obtained by contacting Plaintiff or Plaintiff's counsel prior to the sale.  The items of personal property to be sold do not need to be individually listed in the Notice to be published.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge